RYAN COY (Bar No. 324939)
ryan.coy@saul.com
ZEV SHECHTMAN (Bar No. 266280)
Zev.Shechtman@saul.com
CAROL CHOW (Bar No. 169299)
carol.chow@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Plaintiffs

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:24-bk-18523-BB |
| LI WAN and ZANPEI XU, | Chapter 7 |
| Debtors. | Adv No. 2:25-ap-01365-BB |
| FOR LOVE & THREAD APPAREL CORP, a California corporation, and RONG LU, an individual, | **SUMMONS SERVICE EXECUTED** |
| Plaintiffs, | |
| vs. | |
| LI WAN and ZANPEI XU, | |
| Defendants. | |

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

56410678.1 393223-00002

RYAN F. COY (Bar No. 324939)
ryan.coy@saul.com
ZEV SHECHTMAN (Bar No. 266280)
Zev.Shechtman@saul.com
CAROL CHOW (Bar No. 169299)
carol.chow@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Plaintiffs

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LI WAN and ZANPEI XU,<br><br>Debtors. | Case No. 2:24-bk-18523-BB<br><br>Chapter 7<br><br>Adv No. 2:25-ap-      -BB |
| FOR LOVE & THREAD APPAREL CORP, a California corporation, and RONG LU, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LI WAN and ZANPEI XU,<br><br>Defendants. | **COMPLAINT TO DENY THE DEBTORS' DISCHARGE UNDER 11 U.S.C. § 727** |

Plaintiffs, For Love & Thread Apparel Corp, a California corporation ("For Love") and Rong "Jonson" Lu ("Jonson," and together with For Love, the "Plaintiffs"), hereby object to the entry of the discharge in the above-captioned bankruptcy case as to the debtors, Li Wan *aka* Margaret Xu ("Wan") and Zanpei Xu *aka* Helm Xu ("Xu," and together with Wan, the "Debtors" or the "Defendants," each a "Defendant"), and allege as follows:

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

I.    **JURISDICTION, VENUE, AND STANDING**

1.    Jurisdiction is proper under 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1409(a).

2.    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (J) and/or (O).

3.    This adversary proceeding arises out of the chapter 7 case of the Debtors, *In re Li Wan and Zanpei Xu*, case number 2:24-bk-18523-BB (the "Bankruptcy Case").

4.    Plaintiffs have standing to bring this action under 11 U.S.C. § 727(c)(1) and Federal Rule of Bankruptcy Procedure 7001(4).

5.    To the extent this dispute involves any non-core matters, and/or matters in which a bankruptcy judge may not enter final judgment without the parties' consent, Plaintiff consents to the entry of final judgment by the Court.

II.    **THE PARTIES**

6.    Plaintiff For Love & Thread Apparel Corp is a California corporation and is a creditor in the Bankruptcy Case.

7.    Plaintiff Rong "Jonson" Lu is an individual residing in China and is a creditor in the Bankruptcy Case.

8.    Defendant Li Wan *aka* Margaret Xu is an individual debtor in the Bankruptcy Case, and upon information and belief, is residing in the State of California and within the Central District of California.

9.    Defendant Zanpei Xu *aka* Helm Xu is an individual debtor in the Bankruptcy Case, and upon information and belief, is residing in the State of California and within the Central District of California.

10.    Defendants, with the assistance of counsel, filed a voluntary petition for relief under chapter 7 of title 11 of the United State Code on October 18, 2024 (the "Petition Date"). The petition was filed with the bankruptcy schedules and statements attached in the initial filing (collectively, the "Bankruptcy Papers," Bankruptcy Case at Docket No. 1).

**III.    GENERAL ALLEGATIONS**

**A.    Parties, Roles, and Background**

11.    Plaintiff For Love is a California apparel company engaged in the wholesale clothing business. Its principal, plaintiff Jonson, co-founded For Love in 2018 with Defendant Xu.

12.    In 2021, Xu represented to Jonson that For Love's sales and profits were declining, and Xu sold his shares in For Love to Jonson (the "For Love Share Sale"). The Debtors' bankruptcy Statement of Financial Affairs acknowledges a March 2021 transfer by Xu of his 50% For Love equity to Jonson for $50.00.

13.    Unbeknownst to Plaintiffs, years before the For Love Share Sale, the Debtors had started and operated a competing business called Wisetex Apparel LLC ("Wisetex"), a California limited liability company.

14.    Plaintiffs learned that the Debtors made material misrepresentations as a part of the For Love Share Sale, especially after it was discovered that the Debtors had taken business assets from For Love, including customer lists and proprietary information, and used that information by Wisetex to directly compete with For Love's wholesale clothing business, among other things.

15.    The dispute between Plaintiffs and the Defendants regarding the For Love Share Sale and Defendants' misrepresentations arose shortly after or around the For Love Share Sale.

16.    On April 27, 2021, shortly after the For Love Share Sale, the Debtors incorporated another business entity called All in Love Thread Inc., a California corporation ("All in Love CA"). Upon information and belief, the Defendants formed All in Love CA to hinder, delay, and/or defraud their creditors and creditors of Wisetex.

17.    On or about May 19, 2021, Plaintiffs filed a state court complaint against the Defendants and Wisetex in Los Angeles County Superior Court, Case No. 21LBCV00277 ("State Court Action"), alleging claims for breach of fiduciary duty, conversion, breach of duty of loyalty, fraudulent concealment, negligence, and other declaratory relief. After Plaintiffs discovered that Defendants started All in Love CA and began to shift their business from Wisetex to that entity, Plaintiffs amended the complaint on or about July 8, 2022 to add All in Love CA as a defendant to the State Court Action.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**B.**      **Defendants' Business Interests and Business Dealings**

**Wisetex**

18.      Wisetex was registered as a California limited liability company on July 5, 2017. As of July 29, 2023, Wisetex's principal, mailing, and agent address was 1390 E. Burnett Street #F, Signal Hill, CA 90755, and Defendant Xu was listed as the manager and/or member, the agent for service of process, and only authorized representative.

19.      On May 29, 2024, all of Wisetex's addresses and the address for Xu were changed to 1155 E Green Street, Pasadena, CA 91106.  After the Petition Date, on December 24, 2024, Xu terminated and dissolved Wisetex.

20.      Debtors' Statement of Financial Affairs ("SOFA") admits substantial Wisetex revenue in recent years (e.g., about $3.98 million in 2022 and about $408,000 in 2023) and shows six-figure compensation to the Debtors ($156,000 in 2022; $132,000 in 2023)

**All in Love**

21.      Upon information and belief, while still operating Wisetex, Debtors formed and began operating under the "All in Love" banner: (a) All in Love Thread Inc., a California corporation ("All in Love CA") on April 27, 2021, with Xu as incorporator; and (b) All in Love Apparel Corp., a New York corporation ("All in Love NY") on May 5, 2021.

22.      After the State Court Action was filed, the Debtors migrated operations and assets away from Wisetex into "All in Love," initially to All in Love CA and then to All in Love NY.

23.      From when it was incorporated until January 15, 2023, Defendant Xu was listed as the CEO, Secretary, CFO, Director, and Agent for Service of Process for All in Love CA. All in Love CA shared the same address as Wisetex: 1390 E. Burnett Street #F, Signal Hill, CA 90755.

24.      During the State Court Action proceedings, the Defendants apparently attempted to create a façade of a separation between the Defendants and their business interests. In or around January 2023, the Defendants transferred the legal rights to All in Love CA to Yongjun Li.

25.      On January 15, 2023, a statement of information was filed on behalf of All in Love CA, which omits any mention of defendant Xu and states for the first time that Yongjun Li is the CEO, CFO, Secretary, sole Director, and the Agent for Service of Process for All in Love CA. This

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1 was apparently done to hinder, delay, and/or defraud Plaintiffs and/or other creditors.

2 26. Even though the January 15, 2023 filing purports that all of the Debtors' interest may

3 have been transferred away, on December 26, 2023, Defendant Xu filed All in Love CA's Certificate

4 of Dissolution.

5 27. After forming All in Love NY on May 5, 2021, defendant Xu filed a statement with

6 the California Secretary of State on November 1, 2021 to register All in Love NY to do business in

7 California. On November 1, 2021, All in Love NY's principal office and the mailing address for the

8 principal executive office were the same as All in Love CA's address and Wisetex's address: 1390

9 E. Burnett Street #F, Signal Hill, CA 90755.  Defendant Xu signed on behalf of All in Love NY as

10 the corporate officer and was listed as the agent for service of process.

11 28. On June 3, 2024, shortly after Wisetex's address was changed for defendant Xu, All

12 in Love NY changed its registered address with the California Secretary of State, changing its

13 addresses to the same new address for Wisetex: 1155 E Green Street, Pasadena, CA 91106.  The

14 June 3, 2024 statement of information also notified that the CEO, CFO, Secretary, and Agent for

15 Service of Process was now listed as Yongjun Li.

16 29. On December 10, 2024, the address and officer information for All in Love NY

17 changed again, now listing Yidan Xu as the CEO, CFO, Secretary, Director, and Agent for Service

18 of Process for All in Love NY.  The principal business address for All in Love NY was changed to

19 3901 Tilden Ave, #12, Culver City, CA 90232.

20 30. Yidan Xu *aka* Aaron Xu is an individual and is the adult son of Defendant Xu.

21 31. Upon information and belief, and based on the available facts, the Debtors have

22 attempted to hide material business interests through Yidan Xu, while they continue to operate,

23 control, and manage the wholesale clothing businesses.

24 **Aurora Sportswear**

25 32. The State Court Action against the Defendants, All in Love CA, and Wisetex was

26 resolved through a four-day arbitration proceeding from June 3-6, 2024. Based on the sworn

27 testimony, the Defendants knew or should have known that it was highly likely that they would be

28 found liable for the claims at issue.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

33.    Thus, the Defendants decided to open an additional new business to further conceal their business interests, to hide their assets, and to hinder, delay, and defraud Plaintiffs and other creditors.

34.    Upon information and belief, the Defendants—through their adult son Yidan Xu—incorporated a new California corporation called Aurora Sportswear Corp ("Aurora").  On August 24, 2024, Yidan Xu signed Articles of Incorporation for Aurora, stating that Yidan Xu is the Agent for Service of Process. Yidan Xu was also listed as the CEO, CFO, Secretary, and Director of Aurora, whose type of business is listed as wholesale business of clothes. On September 16, 2024, Aurora changed its principal office, mailing, and agent addresses to the same address as All in Love NY: 3901 Tilden Ave, #12, Culver City, CA 90232.

35.    Defendant Xu testified in May 2025 that both of the Defendants work for Aurora and that they manage and control the Aurora business. Defendant Xu also confirmed that Yidan Xu is his son, but Defendant Xu indicated that Defendant Wan actually knows more about the business operations.

36.    Though Aurora was formed as a distinct legal entity in 2024, Defendants may have started doing business under the "Aurora" name as far back as April 2021, where there is an email showing defendant Wan emailing about the use of Aurora products/tags.

37.    Upon information and belief, the Debtors own, operate, and control Aurora, All in Love NY, and the other now-dissolved entities. In order to shield their business interests and assets from Plaintiffs and other creditors, the Debtors made material misrepresentations about their business interests and assets, and they engaged in a scheme to hinder, delay, and defraud the Plaintiffs, other creditors, the bankruptcy process, and the Bankruptcy Court.

**C.    Defendants' Omissions from the Bankruptcy Schedules and Statement of Financial Affairs.**

38.    As of the Petition Date, the Debtors disclosed that they had zero dollars in cash and only had $622.12 spread across four bank accounts.

39.    In Schedule A/B of the Bankruptcy Papers, the Debtors were asked to disclose all "non-publicly traded stock and interests in incorporated and unincorporated businesses, including

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

an interest in an LLC, partnership, and joint venture." The only business interest that the Debtors disclosed was their interest in Wisetex, which they valued at $0.00.

40.    The Debtors did not disclose any other business assets, stating that they do not have any legal or equitable interest in any business-related property, no accounts receivable, no inventory, no interests in partnership or joint ventures, and no other business-related property not already disclosed.

41.    As of the Petition Date, both Debtors disclosed that they are employed by Wisetex—and only Wisetex. The Debtors listed their positions with Wisetex as "principal," stating they have been employed there since July 2017.  The Debtors estimated their monthly income as $0.00 for all gross wages, salaries, and commissions.

42.    Schedule I, Part 1 states: "If you have more than one job, attach a separate page with information about additional employers. Include part-time, seasonal, or self-employed work." The Debtors did not identify any other jobs with any other employers or identify any other self-employed work in their Bankruptcy Papers.

43.    In Schedule J, the Debtors disclosed that their estimated monthly expenses are $14,518.65, including $5,000 for rental expenses.

44.    In the Debtors' SOFA under Part 2, it requires the Debtors to disclose "any income from employment or from operating a business during this year or the two previous calendar years," meaning the Debtors are required to disclose all income from employment or operating a business for 2022, 2023, and 2024 (through the Petition Date).

45.    The Debtors listed income only from Wisetex, disclosing that revenue in 2022 was $3,983,951.00, in 2023 was $975,148.00, and in 2024 was $407,993.29.  Only Defendant Wan is listed as having received revenue from Wisetex and as having received compensation for working at Wisetex. Defendant Xu does not disclose receiving any income or compensation from 2022 to the Petition Date from any source.

46.    Defendants state that between October 18, 2023 and October 18, 2024, they did not make any payment on a debt to anyone who is an insider, and the Debtor state that they did not make any payments or transfer any property on account of a debt that benefited an insider.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

47.    Defendants state that they did not give any gifts of $600 per person or more within two years of the Petition Date.

48.    In the Debtors' SOFA under Part 7, the Debtors were required to list all property sold, traded, or otherwise transferred to anyone within two years before the Petition Date.  The Debtors listed the For Love Share Sale, and the Debtors listed the alleged sale of All in Love NY to Dong Chen, a friend of the Debtors, in late 2021 for $200,000.00 (even though both transfers were outside of the two-year window). Defendant Xu testified under penalty of perjury that the transfer to Dong Chen occurred in late 2021, but the Board Resolution for All in Love NY is signed by Defendant Xu, dated April 1, 2022, and purports to state that the transfer from Defendant Xu to Dong Chen is "effective April 1, 2022."  The Debtors also listed the sales of two used cars more than two years before the Petition Date, and one used car sale within six months before the Petition Date.  Other than the transfers identified in this paragraph, the Debtors did not identify any other transfers of property to anyone.

49.    In the Debtors' SOFA under Part 7, the Debtors were required to list all businesses owned or their connections to any business.  The Debtors only listed their connections to For Love, to All in Love NY (though they purported to have sold that interest), and to Wisetex.

50.    Nowhere in the Debtors' Bankruptcy Papers is there any disclosure related to All in Love CA nor to Aurora.

51.    Upon information and belief, the Debtors omitted material creditors from their creditor list and master matrix mailing list.

52.    At the May 22, 2025 examination, Debtors' counsel refused to allow questioning by Plaintiffs' counsel, and Debtors have since declined to appear for further examination. As a result of Debtors' obstruction and the chapter 7 trustee's inaction, Plaintiffs have been denied their statutory right to examine the Debtors under 11 U.S.C. § 341(a).

53.    Also during the May 22, 2025 examination, Defendant Xu could not answer basic questions about any of the businesses, despite being listed as the incorporator and person in charge of the various business entities. He testified that Defendant Wan actually handles the operations and day-to-day decision-making of their businesses.

54.     Plaintiffs found in 2021 that Defendants were using the Wisetex business name to transfer orders and funds from For Love to Wisetex. Upon information and belief, Defendants continued using the same fraudulent scheme by using All in Love NY to transfer orders and funds from Wisetex, and then by using Aurora to transfer orders and funds from All in Love NY, with the same methods and general scheme.

55.     The Defendants were ultimately commingling assets between Wisetex, All in Love CA/NY, and/or Aurora, and they control the business entities.

56.     After the arbitration proceeding between Plaintiffs and Defendants, at the beginning of June 2024, Defendants began transferring thousands of dollars out of Wisetex's bank accounts to themselves personally and transferred hundreds of thousands of dollars from Wisetex to All in Love NY.

57.     The Debtors intentionally tried to undercapitalize and close Wisetex to hinder, delay, and defraud creditors, including Plaintiffs.

### FIRST CLAIM FOR RELIEF

### (Denial of Discharge Under 11 U.S.C. § 727(a)(4))

58.     Plaintiffs re-allege and incorporate herein by reference each of the allegations in paragraphs 1 through 57 as though fully set forth herein.

59.     11 U.S.C. § 727(a)(4)(A) prohibits a discharge where a debtor knowingly and fraudulently, in or in connection with the case, makes a false oath or account.

60.     Defendants signed their Bankruptcy Papers under the penalty of perjury, affirming that the statements in the petition, schedules, and statements were true and correct.

61.     Defendants made multiple false statements regarding their Bankruptcy Papers, including statements made in Schedule A/B, Schedule I, and the SOFA.

62.     Defendants knowingly and fraudulently failed to disclose any interest in All in Love CA and in Aurora.

63.     Upon information and belief, the Debtors own, control, and operate Aurora, which they founded before the Petition Date; however, the Debtors have fraudulently listed their 24-year-old son, Yidan Xu, as the sole officer, director, and agent for the corporation.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

64.     The Debtors did not identify themselves on Aurora's documents and did not disclose Aurora in their Bankruptcy Papers because they wanted to shield their assets and business from the bankruptcy process and as an effort to hinder, delay, and/or defraud their creditors.

65.     The Debtors failed to disclose material assets and business interests, in furtherance of their attempt to conceal valuable assets.

66.     The Debtors knowingly and fraudulently omitted any ownership interest in All in Love CA and All in Love NY, despite Defendant Xu's role as the incorporator of both entities and as the sole officer and director, and despite that All in Love CA and All in Love NY share or shared the same business addresses as Wisetex.

67.     The Debtors further failed to disclose any beneficial or equitable interest in All in Love NY. Minimally, they were required to disclose their interests after switching listed officers/agents to relatives or insiders in June 2024 and again in December 2024 (post-petition).

68.     The Debtors represented on Schedule I that the "Wisetex business is shuttering and they are looking for jobs," while omitting that they continued to operate the same business interests and assets through "All in Love" and "Aurora," and omitting that one or both of the Debtors was employed by Aurora, as testified to by Defendant Xu.

69.     The Debtors stated they had no other business property, receivables, inventory, or ongoing business interests, despite pre-petition operations and continued operations through All in Love CA, All in Love NY, and Aurora.

70.     These omissions were material because they concealed the Debtors' active business enterprise and revenue stream and impeded the trustee's and creditors' ability to locate assets and evaluate estate value.

71.     The Debtors knew their statements and omissions were false when made because they personally formed and controlled All in Love CA/NY, used the same premises as Wisetex, and altered officer/agent listings to relatives/insiders during the pendency of litigation and near the Petition Date.

72.     The Debtors also failed to candidly disclose financial relationships with relatives used in their business structure, including maintaining a Bank of America account jointly with a

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    relative identified as "Cousin Yidan Xu."

2    73.    The Debtors made the foregoing false oaths and omissions knowingly and

3    fraudulently to conceal assets and business dealings; accordingly, discharge must be denied under

4    § 727(a)(4)(A).

5    **WHEREFORE**, Plaintiffs pray for judgment against the Defendants as set forth herein

6    below:

7    ### SECOND CLAIM FOR RELIEF

8    ### (Denial of Discharge Under 11 U.S.C. § 727(a)(2))

9    74.    Plaintiffs re-allege and incorporate herein by reference each of the allegations in

10    paragraphs 1 through 73 as though fully set forth herein.

11    75.    Within one year before the Petition Date (Oct. 18, 2024) and after the Petition Date,

12    the Debtors transferred and concealed business assets by migrating operations and assets from

13    Wisetex to All in Love CA and then to All in Love NY, while withholding disclosure of their

14    interests in those entities on the Schedules and SOFA.

15    76.    On June 3, 2024, the Debtors caused All in Love NY to change its sole officer/agent

16    to alleged relative/insider Yongjun Li, and on December 10, 2024 (post-petition), to Yidan Xu,

17    further attempting to distance Debtors on paper while allowing them to operate and maintain the

18    same business.

19    77.    On December 24, 2024 (post-petition), the Debtors dissolved Wisetex, while still

20    valuing their 100% interest at $0 on the Petition Date and claiming the business was "shuttering,"

21    thereby removing estate visibility into ongoing operations and assets.

22    78.    The Debtors' concealment also includes the omission of any ownership/beneficial

23    interest in All in Love CA/NY from their sworn schedules, despite using the same Signal Hill

24    address associated with Wisetex business and operations.

25    79.    These transfers and concealments of their business interests occurred while

26    substantial litigation and claims by Plaintiffs against Defendants were pending.

27    80.    The foregoing facts show multiple badges of fraud under § 727(a)(2)(A) and

28    applicable law, including: (a) transfers to insiders/relatives or entities they control; (b) secrecy and

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  timing of transfers during hotly contested litigation; (c) continued possession/use of transferred

2  assets (same business, addresses, customers, and brand under "All in Love"); (d) inadequate or

3  unexplained consideration; (e) dissolution of a domestic conduit (All in Love CA) while continuing

4  the business through an out-of-state twin (All in Love NY); and (f) false oaths/omissions by valuing

5  Wisetex at $0 and failing to disclose ongoing "All in Love" interests/benefits on Schedule A/B while

6  admitting significant recent revenues and compensation in the SOFA.

7      81.    Debtors' conduct was undertaken knowingly and with the intent to hinder, delay, or

8  defraud creditors, including Plaintiffs, and constitutes grounds to deny discharge under 11 U.S.C. §

9  727(a)(2).

10      **WHEREFORE**, Plaintiffs pray for judgment against the Defendants as set forth herein

11  below:

12  **THIRD CLAIM FOR RELIEF**

13  **(Denial of Discharge Under 11 U.S.C. § 727(a)(3))**

14      82.    Plaintiffs re-allege and incorporate herein by reference each of the allegations in

15  paragraphs 1 through 81 as though fully set forth herein.

16      83.    A discharge may be denied where a debtor falsifies, conceals, destroys, mutilates, or

17  fails to keep or preserve any recorded information, including books, documents, records, and papers,

18  from which the debtor's financial condition or business transactions might be ascertained, unless

19  such act or failure to act was justified under all of the circumstances of the case. 11 U.S.C. §

20  727(a)(3).

21      84.    The purpose of Section 727(a)(3) is to make discharge dependent on the debtor's true

22  presentation of his financial affairs." *Caneva v. Sun Cmtys. Ltd. P'ship (In re Caneva)*, 550 F.3d

23  755, 761 (9th Cir. 2008).

24      85.    The Debtors failed to keep and/or preserve recorded information from which their

25  financial condition and business transactions could be ascertained, including but not limited to:

26  books and records for All in Love CA/NY; documentation of asset transfers from Wisetex to All in

27  Love; and contemporaneous ledgers, bank statements, inventory lists, receivables, and payroll for

28  the operating business branded "All in Love."

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

86.     Despite disclosing operating assets at Wisetex and material revenues pre-petition, the Debtors provided no coherent records accounting for the movement of those assets and operations into All in Love and Aurora, and they concealed their interest in those enterprises on their Schedules and SOFA.

87.     The Debtors then frustrated record-gathering by delaying cooperation with the chapter 7 trustee in providing documents and making themselves available for examination. The Debtors even went as far as blocking examination at the continued § 341(a) meeting and/or Rule 2004 examination on May 22, 2025, refusing to answer questions of Plaintiffs or to return for examination.

88.     As a result, creditors or a trustee cannot ascertain the Debtors' present financial condition or follow their business transactions for a reasonable period, and the Debtors have offered no justification for the failure to preserve material records regarding their business interests.

89.     Despite facing requests from the chapter 7 trustee related to the Debtors' business interests, the Debtors failure to disclose, turnover, or preserve material documents and records that were crucial to the chapter 7 trustee's ability to oversee and evaluate the Debtors' financial affairs. The Debtors abused this process.

90.     The court should deny the Defendant's discharge under 11 U.S.C. § 727(a)(3).

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants as set forth herein below:

### FOURTH CLAIM FOR RELIEF

### (Denial of Discharge Under 11 U.S.C. § 727(a)(5))

91.     Plaintiffs re-allege and incorporate herein by reference each of the allegations in paragraphs 1 through 90 as though fully set forth herein.

92.     A discharge may be denied where a debtor "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5).

93.     Ninth Circuit law requires a plaintiff to establish three elements: (1) the debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the

bankruptcy petition was filed, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010).

94.     The Defendants failed to explain the loss and deficiency of assets in their Bankruptcy Papers.

95.     The Debtors and Wisetex reported significant gross revenues in 2022–2024, yet on the Petition Date, they valued their 100% Wisetex interest at $0 and claimed the business was shuttering.

96.     The Debtors' Bankruptcy Papers do not reflect any coherent explanation for the disposition of the business's operating value, receivables, cash, or goodwill in light of the continuing "All in Love" operations that replaced Wisetex, and the continuing Aurora operations that either replaced the All in Love entities and/or Wisetex.

97.     The Debtors failed to disclose any ownership interest in All in Love CA/NY, despite contemporaneous control and use of the same business address, and later post-petition officer/agent switches to relatives/insiders — all while listing $0 value for Wisetex.

98.     The Debtors' papers and sworn statements thus fail to explain satisfactorily the loss or deficiency of assets to meet liabilities, including the disappearance of operating value and receivables from Wisetex contemporaneous with migration to All in Love, including the hundreds of thousands of dollars transferred from Wisetex to the Debtors personally and to the All in Love CA/NY after the June 2024 arbitration and before the October 2024 Petition Date.

99.     Therefore, the Debtors' discharge must also be denied under 11 U.S.C. § 727(a)(5) for failing to explain satisfactorily the sudden loss and deficiency of assets.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants as set forth herein below:

## **PRAYER FOR RELIEF**

For the foregoing claims for relief, Plaintiff respectfully prays for judgment against the Defendants:

A.     That the court deny Defendants' discharge pursuant to 11 U.S.C. § 727(a).

B.    For costs of suit and attorney's fees as allowed by law incurred herein.

C.    For such other and further relief as the court deems just and proper.

DATED:  September 30, 2025                    SAUL EWING LLP


By: _____
RYAN F. COY
ZEV SHECHTMAN
CAROL CHOW

*Attorneys for Plaintiffs*

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>FOR LOVE & THREAD APPAREL CORP, a California corporation, and RONG LU, an individual, | DEFENDANTS<br>LI WAN and ZANPEI XU, |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Ryan F. Coy<br>SAUL EWING LLP<br>1888 Century Park East, Suite 1500<br>Los Angeles, California 90067<br>Telephone: (310) 255-6100 | ATTORNEYS (If Known)<br>Raymond H. Aver<br>LAW OFFICES OF RAYMOND H. AVER<br>10801 National Boulevard, Suite 100<br>Los Angeles, CA 90064<br>(310) 571-3511 |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Denial of Discharge Under 11 U.S.C. § 727(a)(2), 11 U.S.C. § 727(a)(3), 11 U.S.C. § 727(a)(4), 11 U.S.C. § 727(a)(5)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of remove d claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>LI WAN and ZANPEI XU, | BANKRUPTCY CASE NO.<br>2:24-bk-18523-BB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles Division | NAME OF JUDGE<br>Sheri Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Ryan Coy* | | |
| DATE<br>September 30, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ryan F. Coy | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Ryan Coy<br>Saul Ewing LLP<br>1888 Century Park East<br>Ste. 1500<br>Los Angeles, CA 90067<br><br>310–255–6168<br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>Li Wan and Zanpei Xu<br><br><div align="right">Debtor(s).</div> | CASE NO.: 2:24–bk–18523–BB<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:25–ap–01365–BB |
|---|---|
| For Love & Thread Apparel Corp<br><br>**(See Attachment A for names of additional plaintiffs)**<br><div align="right">Plaintiff(s)</div><div align="center">Versus</div>Li Wan<br><br>**(See Attachment A for names of additional defendants)**<br><div align="right">Defendant(s)</div> | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **10/31/2025.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **December 2, 2025** |
| **Time:** | **02:00 PM** |
| **Hearing Judge:** | **Sheri Bluebond** |
| **Location:** | **255 E Temple St., Crtrm 1539, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_              Page 1              **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>October 1, 2025</u>

By: <u>    "s/" Nancy Vandensteen    </u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| For Love & Thread Apparel Corp<br>Rong "Jonson" Lu | Li Wan<br>Zanpei Xu<br>Margaret Xu<br>Helm Xu |

# ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*

**F 7004–1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Saul Ewing LLP, 1888 Century Park East, Suite 1500, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): **1) Complaint to Deny the Debtors' Discharge Under 11 U.S.C. § 727 and Adversary Proceeding Cover Sheet, and 2) Summons and Notice of Status Conference in Adversary Proceeding** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 1, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Wesley H Avery (TR)**   wes@averytrustee.com,
  C117@ecfcbis.com;lucy@averytrustee.com;lupe@averytrustee.com
- **Ryan Coy**   ryan.coy@saul.com,
  hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com;ryan.coy@ecf.courtdrive.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 1, 2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Li Wan
370 West Pleasantview Ave
PMB #273
Hackensack, NJ 07601

Zanpei Xu
370 West Pleasantview Ave
PMB #273
Hackensack, NJ 07601

Li Wan & Zanpei Xu
c/o Jeffrey J Hagen
4559 San Blas Ave
Woodland Hills, CA 91364

Li Wan & Zanpei Xu
c/o Law Offices of Raymond H. Aver
10801 National Blvd, Suite 100
Los Angeles, CA 90064

Li Wan
424 Arcadia Drive
San Pedro, CA 90731

Zanpei Xu
424 Arcadia Drive
San Pedro, CA 90731

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 1, 2025 | Hannah Richmond | /s/ Hannah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.